IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

SHARON R. WARDWELL[1],

   Defendant.

No. 13-cr-40082-JPG-003

## **MEMORANDUM AND ORDER**

     This matter comes before the Court on defendant Sharon R. Wardwell's motion for expungement of her felony conviction for possession of a listed chemical knowing it would be used to manufacture a controlled substance (Doc. 221). She states that she is sorry for her crime and wants to move forward with her life for herself and her family and that her conviction is getting in the way of advancing her career. The Government has not responded to Wardwell's motion.

     The Court must dismiss Wardwell's motion for lack of jurisdiction. The United States Court of Appeals for the Seventh Circuit used to subscribe to the view "that a district court has inherent authority to reopen a closed criminal case to consider a request to expunge the judicial record based on an equitable balancing test that weighs the public and private interests at stake." *United States v. Wahi*, 850 F.3d 296, 298 (7th Cir. 2017). However, in *Wahi*, the Court of Appeals reversed course and held that a district court lacks jurisdiction to expunge the court records of a convicted defendant. *Id.* The Court reasoned that there is no statutory grant of general jurisdiction to expunge the judicial record of a criminal case on equitable grounds. *Id.*

---

[1] It appears Ms. Wardwell is now known as Sharon Betts.

at 300.   Nor is there ancillary jurisdiction to take such action.  *Id.*   It noted that the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), restricted the areas in which courts could exercise its ancillary jurisdiction (sometimes called "inherent power").   It could exercise ancillary jurisdiction only "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Kokkonen*, 511 U.S. at 379-80.   In *Wahi*, the Court of Appeals held that expungement decisions did not fall within either of the permissible areas.  *Wahi*, 850 F.3d at 302-03.

While the Court recognizes the difficulty Wardwell's conviction may play in achieving her career and life goals, the Court simply lacks the power to expunge the court records of her criminal case.   Accordingly, the Court **DISMISSES** Wardwell's request to expunge the Court's records of her conviction (Doc. 221).   The Court commends Wardwell for her progress in pursuing her education, maintaining employment, and caring for her family and is certain she can continue to make progress in those areas despite having a criminal conviction on her record.

**IT IS SO ORDERED.**
**DATED:   December 11, 2018**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**